IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| PNC BANK, N.A., | ) CIVIL NO. 18-00479 JAO-RT |
|---|---|
| Plaintiffs, | ) |
| vs. | ) ORDER DENYING WITHOUT |
|  | ) PREJUDICE PNC BANK, N.A.'S |
|  | ) MOTION TO CONSOLIDATE |
| JAMES KEONE KIM, et al., | ) ACTIONS OR, IN THE ALTERNATIVE, |
|  | ) FOR ASSIGNMENT PURSUANT TO |
| Defendants. | ) L.R. 40.2 |

ORDER DENYING WITHOUT PREJUDICE PNC BANK, N.A.'S MOTION TO CONSOLIDATE ACTIONS OR, IN THE ALTERNATIVE, FOR ASSIGNMENT PURSUANT TO L.R. 40.2

Before the Court is Plaintiff PNC Bank N.A.'s ("Plaintiff") Motion to Consolidate Actions or, in the Alternative, for Assignment Pursuant to L.R. 40.2. Doc. No. 51. Plaintiff contends that consolidation or reassignment will promote efficiency and avoid inconsistency. Defendants argue that consolidation or reassignment at this stage of the proceedings would inhibit judicial economy, and that allowing different judges to issue rulings in this matter will more likely result in the correct legal outcome. For the reasons set forth below, the Court DENIES the Motion without prejudice.

BACKGROUND

The Court finds it unnecessary to recount the lengthy history preceding the commencement of this and other actions. Instead, the Court includes only those facts relevant to the disposition of the Motion.

Plaintiff seeks to consolidate this case with the following cases, which have pending motions as indicated:

- *Penny v. PNC Bank, N.A., et al.*, Civil No. 19-00006 JMS-KJM (Motion to Remand, Doc. No. 21)

- *Chartrand v. PNC Bank, N.A., et al.*, Civil No. 19-00020 JAO-KJM (Motion to Remand, Doc. No. 13)

- *Schnute v. PNC Bank, N.A., et al.*, Civil No. 19-00022 SOM-RLP (Motion to Remand, Doc. No. 13)

- *Copeland v. PNC Bank, N.A., et al.*, Civil No. 19-00029 JAO-RLP (Motion to Remand, Doc. No. 7)

- *Azad v. PNC Bank, N.A., et al.*, Civil No. 19-00035 JAO-KJM (Motion to Remand, Doc. No. 11)

- *Nakatsu v. PNC Bank, N.A., et al.*, Civil No. 19-00047 JMS-KJM (Motion to Remand, Doc. No. 6)

- *Lapthorne v. PNC Bank, N.A., et al.*, Civil No. 19-00048 SOM-KJM (Motion to Remand, Doc. No. 11)

- *Clayton, et.al. v. PNC Bank, N.A., et al.*, Civil No. 19-00051 DKW-KJM (Motion to Remand, Doc. No. 14)

- *Carpenter v. PNC Bank, N.A., et al.*, Civil No. 19-00056 LEK-RT (Motion to Remand, Doc. No. 10)

- *Field v. PNC Bank, N.A.*, Civil No. 19-00061 JMS-RT[1] (Motion to Withdraw Reference of Adversary Proceeding)

There is a pending Motion to Dismiss in the instant case. Doc. No. 52. The instant case is the only one in which PNC Bank is a plaintiff.

The plaintiffs in the above-identified actions, and Defendants in this action, obtained mortgages from Plaintiff or its predecessor and the mortgages were secured by real property located in the State of Hawaiʻi. The borrowers all subsequently defaulted on their mortgages. As a result, Plaintiff commenced non-judicial foreclosure proceedings against the secured real properties pursuant to the power of sale provision in the mortgage agreements at issue. The actions concern violations of now-repealed laws governing non-judicial residential foreclosures.

## DISCUSSION

Federal Rule of Civil Procedure ("FRCP") 42(a) authorizes consolidation of actions involving "common questions of law or fact." Fed. R. Civ. P. 42(a). In

---

[1] Plaintiff identified this case as *In re Lucas W.K. Clebsch and Margaret L.K. Clebsch*, Bankr. No. 1101655.

such instances, "the court may (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." *Id.* The Court enjoys broad discretion in determining whether to consolidate cases. *Pierce v. Cty. of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008); *Investors Research Co. v. United States Dist. Court*, 877 F.2d 777 (9th Cir. 1989). When assessing the propriety of consolidation, the Court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

Local Rule 40.2 governs the reassignment of cases:

> Whenever it shall appear that civil actions or proceedings involve the same or substantially identical transactions, happenings, or events, or the same or substantially the same parties or property or subject matter, or the same or substantially identical questions of law, or for any other reason said cases could be more expeditiously handled if they were all heard by the same judge, then the chief district judge or any other district judge appointed by the chief district judge in charge of the assignment of cases may assign such cases to the same judge. Each party appearing in any such action may also request by appropriate motion that said cases be assigned or reassigned to the same judge.

Local Rule 40.2.

Plaintiff argues that the cases should be consolidated for case management and discovery purposes because: (1) the cases share common parties; (2) the cases share common attorneys; (3) the cases involve common core issues, which will

4

result in overlapping facts, witnesses, and expert discovery; and (4) consolidation for case management purposes will not result in delay, prejudice or confusion, or undue burden, given that the current procedural postures of the cases are similar. Alternatively, Plaintiff requests reassignment of all cases to the same district judge because they involve nearly identical transactions regarding the same subject matter relating to identical questions of law. Plaintiff believes that adjudication of all cases by a single district judge will eliminate the possibility of inconsistent results.

Defendants highlight the distinction between this and the other cases. While conceding that eventual assignment to a single judge might promote efficiency, Defendants posit that assignment to different district judges can advance the law and prevent a single judge's decision from affecting parties in multiple cases.[2]

Having "weigh[ed] the saving of time and effort consolidation would produce against the inconvenience, delay, or expense it would cause," and similarly whether these cases could be "more expeditiously handled" if reassigned, the Court finds that consolidation and/or reassignment to a single district judge is

---

[2] Defendants also contend that Plaintiff should have filed this Motion in each of the affected cases. However, motions to consolidate should be filed in the first-filed case, not all affected cases. Pursuant to long-standing practice in this district, the district judge or magistrate judge assigned to the first-filed case decides the consolidation issue. The same is true of motions for reassignment. Multiple judges would not rule on the same request for reassignment.

inappropriate at this time, notwithstanding the commonality of parties, attorneys, and core issues. The Court is persuaded by Defendants' argument that allowing for the various judges to rule on the pending jurisdictional motions promotes judicial economy.[3] The pending motions to remand involve a range of factual issues, such as whether the statute of limitations had run for the filing of the state claims, and whether particular parties were genuine bonafide purchasers. Unsurprisingly, the Motion to Dismiss in the instant case raises jurisdictional questions not raised in the other cases, such as standing, the *Rooker-Feldman* doctrine, and abstention. The judges assigned these motions will necessarily delve into the facts for each separate case, and in the instant case, the Court will consider law inapplicable to the other cases, rendering consolidation or reassignment inefficient at this stage.

The Court further notes that it would be more efficient to assess which cases remain after resolution of the pending motions before addressing consolidation or reassignment. As mentioned at the hearing, the question of consolidation or

---

[3] Neither FRCP 42(a) nor Local Rule 40.2 incorporate considerations about gamesmanship, forum shopping, or the possible benefit of conflicting outcomes. The Court therefore finds both parties' arguments on these matters unpersuasive. *See Bald v. Wells Fargo Bank, N.A.*, Civil No. 13-00135 LEK-KSC, 2013 WL 2453271, at *2 (D. Haw. June 5, 2013) ("[I]n considering the instant Motion, this Court declines to consider whether any party has engaged in gamesmanship or judge shopping or whether potentially conflicting decisions in these cases could be beneficial to the bar and the public in general.").

reassignment necessarily turns, in part, on the number of cases pending. If it becomes clear during the progression of the cases that some or all of the cases would be more effectively managed if assigned to a single district judge or a single set of district and magistrate judges, the Court reserves the right to order consolidation or reassignment *sua sponte* or at the parties' request.

Although the Motion is denied, the Court expects that the parties will endeavor to engage in reasonable and efficient discovery, guided by the able magistrate judges in this district.

## CONCLUSION

In accordance with the foregoing, the Court DENIES WITHOUT PREJUDICE Plaintiff's Motion to Consolidate Actions or, in the Alternative, for Assignment Pursuant to L.R. 40.2.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, March 15, 2019.

Jill A. Otake
United States District Judge

CV 18-00479 JAO-RT; *PNC Bank N.A. v. Kim, et al.*; ORDER DENYING WITHOUT PREJUDICE PNC BANK, N.A.'S MOTION TO CONSOLIDATE ACTIONS OR, IN THE ALTERNATIVE, FOR ASSIGNMENT PURSUANT TO L.R. 40.2